EXHIBIT A

**Donald P. Russo**
**Attorney at Law**
**P.O. Box 3098**
**Easton, Pa. 18043**

**T: 610-438-4422**
**F: 610-861-2643**              email: russolaw35@gmail.com

October 13, 2016

Nancy Ott
Vice President of Human Resources
Quad/Graphics, Inc.
N61W23044 Harry's Way
Sussex, WI 53089

Re: David P. Young vs. Quad Graphics, Lehigh County, Pennsylvania, Case No. 2015-C-1851

Dear Ms. Ott:

I have enclosed for service upon Quad Graphics a copy of a Complaint filed in the Court of Common Pleas of Lehigh County, Pennsylvania, by David P. Young. I urge you to turn this document over to your company's legal counsel immediately. Thank you.

Very truly yours,

Donald P. Russo

Donald P. Russo

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
**CIVIL DIVISION**

David P. Young

        Plaintiff,

v.

QUAD GRAPHICS, a/ka
QG Printing II Corp.,

        Defendant

Case No: 2016-C-1851

Jury Trial Demanded

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERNING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

        Lehigh County Bar Association
        1114 Walnut Street
        Allentown, Pa 18102
        610-433-6204

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

David P. Young

      Plaintiff,

v.

QUAD GRAPHICS, a/ka
QG Printing II Corp.,

      Defendant

Case No: 2016-C-1851

Jury Trial Demanded

## COMPLAINT

Plaintiff, David P. Young, by and through his undersigned counsel, hereby avers as follows:

1. Plaintiff, David P. Young (hereinafter "Plaintiff") is an individual who resides at 4025 Main Road West, Emmaus, Lehigh County, Pennsylvania, 18049.

2. Defendant, Quad Graphics, a/k/a QG Printing II Corp., (hereinafter "Defendant") is an entity doing business at N61 W23044 Harry's Way. Sussex, Wisconsin 53089.

3. On May 30, 2014, Brown Printing was acquired by Quad Graphics, and Quad Graphics retained Plaintiff as an electrician.

4. In 1990, Plaintiff was diagnosed with permanent fracture in neck vertebrae disc C-2 and was advised by his physician that he should limit his hours to that of his regularly assigned shift.

5. On 1995, Plaintiff was out of work on a short term disability through Hartford Insurance for a herniated disc and compressed discs L-5, S-1. Upon turning this information over to

Brown Printing, Plaintiff was informed that if he had any restrictions at all, he could not work.

6. In approximately 1996, after returning from STD, Plaintiff was locked out of work due to his medical conditions for approximately one month, during which time his employer encouraged him to apply for disability benefits and to apply for unemployment compensation.

7. Plaintiff believes and therefore avers that when the Defendant urged him to apply to Hartford for disability insurance, Defendant was aware Plaintiff would be denied because he was still working. Plaintiff was denied disability benefits and he returned to work.

8. In late 2014, Plaintiff's medical conditions worsened when he was diagnosed with blood clots in both legs and lungs.

9. Plaintiff's physician advised the Plaintiff to avoid working hours other than his assigned hours of 84 hours every two weeks.

10. Plaintiff and his physician made it clear that he could still work his regular shifts and stay within the parameters of his medical restrictions, but he should avoid extra hours.

11. Plaintiff suffers from blood clots on lungs, back problems (disks, broken vertebrate, degeneration, and arthritis). Plaintiff got a doctor's note to not work any over time

12. Plaintiff believes Defendant had knowledge of his physical conditions before he talked to his supervisor Kris Azzaro about them.

13. The predecessor company, Brown Printing, had been given doctors' notes telling them of Complainant's restrictions because of his extensive back and neck issues.

14. Plaintiff brought in the notes two different times during his time with Brown Printing, yet he was shut out and told that if anyone had any restrictions they could not work there and would need to file for short term disability.

15. Defendant told the Plaintiff he had to work the overtime and continually harassed him about it causing much stress for the Plaintiff. The Defendant told the Plaintiff that he had to work the overtime because that was in his job description. This in itself led the Plaintiff to believe that there would be some kind of action taken if he did not comply. The implied threat of forced overtime was always looming over the Plaintiff's head, causing him extended stress.

16. On two occasions Brown Printing did not follow federal law and shut the Plaintiff out until he would take back what the doctor had said.

17. According to Dave Buzzby from Brown Printing, mandatory over-time was their policy however there was not to the best of the Plaintiff's knowledge any official policy stating this.

18. When Quad took over from Brown Printing, Quad's representatives informed the Plaintiff that they did not require mandatory overtime.

19. Statements were made that Quad would make the plant better and that they were not going to close it.

20. Plaintiff explained to his supervisor about his physical conditions; the multiple blood clots on both lungs and in both legs that caused him to be greatly weakened and eventually put into in a lot of Neuropathic Chronic pain.

21. Quad employees asked Plaintiff for a doctor's note saying why he couldn't work overtime. Plaintiff advised his supervisors he had sought the advice of legal counsel,

4

suddenly Quad did not merely want a doctor's note but also wanted a doctor's letter explaining why the Plaintiff could not work the over time; but even that was not good enough for them.

22. After dragging their feet as long as they possibly could, Quad finally gave Complainant his accommodation.

23. Plaintiff worked two months before he was informed that the plant was being closed.

24. Plaintiff applied for disability and he got both short term and long term disability because of his medical conditions.

25. The damage done to the nerves from the blood clots is too extensive and this neuropathic pain will be with him the rest of his life even with medication.

26. Plaintiff worked for Brown Printing and then Quad all together for 31 years but always had pain.

27. Given the lengthy nature of and history of Plaintiff's chronic health conditions, and given his disability approvals, it is not believable that Quad has attempted to deny knowledge of the Plaintiff's ADA related disability.

28. Defendant created a hostile environment for the Plaintiff as a result of his disability.

29. Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission under the Americans with Disabilities Act (ADA).

30. Plaintiff exhausted his administrative remedies with the EEOC and received a Notice of Right to Sue, attached as "Exhibit A".

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. SECTION 12101 *et. seq.*

31. Plaintiff incorporates herein by reference thereto paragraphs 1 through 30 as if the same were more fully set forth at length herein,

32. Plaintiff experienced severe health problems as set forth hereinabove.

33. Plaintiff believes, and therefore avers, that his medical conditions constitute a "disability" within the meaning set forth in the Americans with Disabilities Act, 42 U.S.C. Section 12101, et seq. and 29 C.F.R. Section 1360.2 (f) and (g).

34. Plaintiff believes, and therefore avers, that pursuant to 42 U.S.C. and Section 12102(2), Plaintiff suffered from a medical condition that substantially limited one or more of his major life activities, Plaintiff has a record of such impairment, and Defendant regarded Plaintiff as having such an impairment.

35. Plaintiff was on medical leave and received short term and long term disability benefits administered through Defendant's representative.

36. Upon his return to work, Plaintiff presented Defendant with numerous medical documents, outlining his medical conditions and ability to return to work.

37. Plaintiff believes, and therefore avers, that he could perform the essential functions of his job with the Defendant, as defined by 29 C.F.R. Section 1630.2(n), with a reasonable accommodation.

38. The Plaintiff believes, and therefore avers, that the reasonable accommodation that he would have expected from the Defendant would not have constituted any significant hardship to the Defendant.

39. The Plaintiff believes, and therefore avers, that until the last two months of his employment the Defendant refused to grant the Plaintiff a reasonable accommodation as set forth within the Americans with Disabilities Act regulations, 29 C.F.R. Section 1630.2(o), *i.e.* by the Defendant's refusal to provide Plaintiff with appropriate accommodations set forth hereinabove.

40. Plaintiff believes, and therefore avers, that the Defendant has discriminated against him because of his disability, as set forth hereinabove, and also the Defendant regarded the Plaintiff as being disabled.

41. Plaintiff believes, and therefore avers, that the Defendant regarded him as being disabled.

42. As a result of the Defendant's illegal conduct, the Plaintiff has suffered irreparable injury caused by the Defendant's conduct.

43. By reasons of the malicious want and willful conduct of the Defendant, Plaintiff demands punitive damages.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et. seq.*, and prays for the following:

    a. The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et. seq.*;

    b. Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damage duly proved to have been suffered by Plaintiff because of Defendant's unlawful conduct;

    c. Punitive damages calculated to be sufficient to deter such misconduct in the future;

   d. An award of interest on the above amounts of unpaid wages illegally denied;

   e. The cost of this action and a reasonable attorney's fee paid to Plaintiff;

   f. Any other relief, equitable or legal, appropriate to remedy the illegal treatment of the Plaintiff by the Defendant, and

   g. The Plaintiff demands trial by jury.

### COUNT II
### UNLAWFUL RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

44. Plaintiff incorporates herein by reference to paragraphs 1 through 43 as if the same were more fully set forth at length herein.

45. Plaintiff engaged in protected activity by asserting his right not to be discriminated against under federal law, as set forth herein.

46. Plaintiff suffers from serious medical conditions, as more fully set forth hereinabove

47. Plaintiff believes, and therefore avers, that adverse employment actions were taken against Plaintiff discriminating against his disability.

48. Plaintiff believes, and therefore avers, accommodations were necessary for him since he has a disability that makes it difficult to work in a high stress environment.

49. Plaintiff believes, and therefore avers, that the Defendant's refusal to accommodate his disability through most of his employment tenure was done in retaliation for him needing accommodations because of his disability.

50. Plaintiff suffered damages as a result of the actions of the Defendant

51. By reasons of malicious, wanton, and willful conduct of the Defendant, Plaintiff demands punitive damages.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et. seq.*, and prays for the following:

a. The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by the applicable law prohibiting retaliation;

b. Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damages duly proved to have been suffered by Plaintiff because of Defendant's unlawful discrimination;

c. Punitive damages calculated to be sufficient to deter such misconduct in the future;

d. An award of interest on the above amounts of unpaid wages illegally denied;

e. The cost of this action and reasonable attorney's fees paid to Plaintiff;

f. Any other relief equitable or legal, appropriate and power to remedy the illegal treatment of the Plaintiff by the Defendant; and

g. The Plaintiff demands a trial by jury.

## COUNT III
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

52. Plaintiff incorporates herein by reference thereto paragraphs 1 through 51 as if the same were more fully set forth at length herein.

53. Plaintiff filed a disability discrimination charge with the EEOC based on his actual and perceived disabilities.

54. Plaintiff exhausted his administrative remedies with the Pennsylvania Human Relations Commission by cross-filing his administrative complaint with the PHRC.

55. The actions of the Defendant violate the proscriptions of the Pennsylvania Human Relations Act against retaliation against an employee who has raised issues of disability discrimination in the workplace.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Adjudge and decree that Defendant violated the Pennsylvania Human Relations Act;

b. Grant Plaintiff a permanent injunction prohibiting Defendant from engaging in any employment acts, policies, practices or procedures which may retaliate against employees who have raised issues of discrimination in the workplace.

c. Award Plaintiff compensatory damages, including for emotional distress suffered as a result of Defendant's retaliatory treatment;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional equitable and legal relief as is just and proper.

Respectfully submitted,

*Donald P. Russo*

DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff, David P. Young
P.O. Box 3098
Easton, PA  18043
(610) 954-8093
Attorney I.D. No. 25873

## VERIFICATION

I, David P. Young, being duly sworn according to law, depose and say that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements contained herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authority.

Date: 9-19-16

*David P. Young*
DAVID P. YOUNG

# EXHIBIT B

Case 5:16-cv-05871-LS   Document 1-1   Filed 11/14/16   Page 15 of 18
FILED 11/3/2016 1:13:32 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2016-C-1851    /s/l S

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| DAVID P. YOUNG,<br><br>   Plaintiff<br><br>v.<br><br>QUAD GRAPHICS a/k/a QG PRINTING II CORP.<br>   Defendant | COURT OF COMMON PLEAS<br>LEHIGH COUNTY<br>CIVIL ACTION – LAW<br><br>No. 2016-C-1851 |

## ORDER

AND NOW, this 3 day of November, 2016, this matter having come before the Court on the stipulation of all parties agreeing to extend Defendant QG Printing III Co.'s (incorrectly plead as Quad Graphics) time to answer or otherwise plead in response to the Complaint, the Court having considered the stipulation, and there being no prior extension sought or granted by the Court, and for good cause shown;

**IT IS ORDERED** that the Defendant's time to answer or otherwise plead is extended up to and including November 21, 2016.

BY THE COURT:

_____
CAROL K. McGINLEY, J.

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID P. YOUNG, | Case No. _____ |
| Plaintiff, | Judge _____ |
| v. | |
| QUAD GRAPHICS, | Removed from Court of Common Pleas, Lehigh County, Civil Action No. 2016-C-1851 |
| Defendant. | |

## DECLARATION OF JOSEPH MALLOY IN SUPPORT OF
## DEFENDANT QG PRINTING III CO.'S NOTICE OF REMOVAL

I, Joseph Malloy, declare as follows:

1. I am employed by QUAD/GRAPHICS, INC. as Director of State and Local Tax. In this role, I am responsible for state and local tax compliance, auditing, and tax planning for QUAD/GRAPHICS, INC. and its subsidiary, QG Printing III Co. ("Defendant"). In my position, I have access to business records for QUAD/GRAPHICS, INC. and QG Printing III Co. which are kept in the course of ordinary business including information on the headquarters of Defendant and its place of incorporation.

2. Defendant QG Printing III Co. is a partnership.

3. Defendant QG Printing III Co. has two partners, QG Printing II LLC, and QG, LLC.

   a. QG Printing II LLC is a limited liability company.

      (i) QG Printing II LLC has a single member, Quad/Graphics Printing LLC. Quad/Graphics Printing LLC is a limited liability company.

      (ii) Quad/Graphics Printing LLC has one member, Quad/Graphics Holding Company. Quad/Graphics Holding Company is a corporation which is headquartered in Wisconsin and incorporated in Delaware.

   b. QG LLC is a limited liability company.

      (i) QG LLC has a single member, QG Printing II LLC, a limited liability company.

(ii)     QG Printing II LLC has a single member, Quad/Graphics Printing LLC. As stated in Paragraph 3(a)(i), Quad/Graphics Printing LLC is a limited liability company.

(iii)    Quad/Graphics Printing LLC has one member, Quad Graphics Holding Company. Quad Graphics Holding Company is a corporation which is headquartered in Wisconsin and incorporated in Delaware.

I declare under penalty of perjury under the laws of the United States of America and the State of Wisconsin that the foregoing is true and correct.

Executed this 11th day of November, 2016, at Sussex, Wisconsin.

_____
Joseph Malloy