**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

David P. Young

      Plaintiff

   v.

QUAD GRAPHICS, a/ka
QG Printing II Corp.,

      Defendant

Case No. 5:16-CV-05871

Judge Lawrence Stengel

Jury Trial Demanded

## AMENDED COMPLAINT

Plaintiff, David P. Young, by and through his undersigned counsel, hereby files this Amended Complaint pursuant to F.R.C.P. No. 15(a)(1)(B) and avers as follows:

1. Plaintiff, David P. Young (hereinafter "Plaintiff") is an individual who resides at 4025 Main Road West, Emmaus, Lehigh County, Pennsylvania, 18049.

2. Defendant, Quad Graphics, a/k/a QG Printing II Corp., (hereinafter "Defendant") is an entity doing business at N61 W23044 Harry's Way. Sussex, Wisconsin 53089.

3. On May 30, 2014, Brown Printing was acquired by Quad Graphics, and Quad Graphics retained Plaintiff as an electrician.

4. In 1990, Plaintiff was diagnosed with permanent fracture in neck vertebrae disc C-2 and was advised by his physician that he should limit his hours to that of his regularly assigned shift.

5. On 1995, Plaintiff was out of work on a short term disability through Hartford Insurance for a herniated disc and compressed discs L-5, S-1. Upon turning this information over to Brown Printing, Plaintiff was informed that if he had any restrictions at all, he could not work.

6. In approximately 1996, after returning from STD, Plaintiff was locked out of work due to his medical conditions for approximately one month, during which time his employer encouraged him to apply for disability benefits and to apply for unemployment compensation.

7. Plaintiff believes and therefore avers that when the Defendant urged him to apply to Hartford for disability insurance, Defendant was aware Plaintiff would be denied because he was still working. Plaintiff was denied disability benefits and he returned to work.

8. In late 2014, Plaintiff's medical conditions worsened when he was diagnosed with blood clots in both legs and lungs.

9. Plaintiff's physician advised the Plaintiff to avoid working hours other than his assigned hours of 84 hours every two weeks.

10. Plaintiff and his physician made it clear that he could still work his regular shifts and stay within the parameters of his medical restrictions, but he should avoid extra hours.

11. Plaintiff suffers from blood clots on lungs, back problems (disks, broken vertebrate, degeneration, and arthritis). Plaintiff got a doctor's note to not work any over time

12. Plaintiff believes Defendant had knowledge of his physical conditions before he talked to his supervisor Kris Azzaro about them.

13. The predecessor company, Brown Printing, had been given doctors' notes telling them of Complainant's restrictions because of his extensive back and neck issues.

14. Plaintiff brought in the notes two different times during his time with Brown Printing, yet he was shut out and told that if anyone had any restrictions they could not work there and would need to file for short term disability.

15. Defendant told the Plaintiff he had to work the overtime and continually harassed him about it causing much stress for the Plaintiff. The Defendant told the Plaintiff that he had to work the overtime because that was in his job description. This in itself led the Plaintiff to believe that there would be some kind of action taken if he did not comply. The implied threat of forced overtime was always looming over the Plaintiff's head, causing him extended stress.

16. On two occasions Brown Printing did not follow applicable law and shut the Plaintiff out until he would take back what the doctor had said.

17. According to Dave Buzzby from Brown Printing, mandatory over-time was their policy however there was not to the best of the Plaintiff's knowledge any official policy stating this.

18. When Quad took over from Brown Printing, Quad's representatives informed the Plaintiff that they did not require mandatory overtime.

19. Statements were made that Quad would make the plant better and that they were not going to close it.

20. Plaintiff explained to his supervisor about his physical conditions; the multiple blood clots on both lungs and in both legs that caused him to be greatly weakened and eventually put into in a lot of Neuropathic Chronic pain.

21. Quad employees asked Plaintiff for a doctor's note saying why he couldn't work overtime. Plaintiff advised his supervisors he had sought the advice of legal counsel,

suddenly Quad did not merely want a doctor's note but also wanted a doctor's letter explaining why the Plaintiff could not work the over time; but even that was not good enough for them.

22. After dragging their feet as long as they possibly could, Quad finally gave Complainant his accommodation.

23. Plaintiff worked two months before he was informed that the plant was being closed.

24. Plaintiff applied for disability and he got both short term and long term disability because of his medical conditions.

25. The damage done to the nerves from the blood clots is too extensive and this neuropathic pain will be with him the rest of his life even with medication.

26. Plaintiff worked for Brown Printing and then Quad all together for 31 years but always had pain.

27. Given the lengthy nature of and history of Plaintiff's chronic health conditions, and given his disability approvals, it is not believable that Quad has attempted to deny knowledge of the Plaintiff's PHRA related disability.

28. Defendant created a hostile environment for the Plaintiff as a result of his disability.

29. Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission alleging disability discrimination.

30. Plaintiff exhausted his administrative remedies with the Pennsylvania Human Relations Commission.

31. Plaintiff experienced severe health problems as set forth hereinabove.

32. Plaintiff believes, and therefore avers, that his medical conditions constitute a "disability" within the meaning set forth in the Pennsylvania Human Relations Act.

33. Plaintiff believes, and therefore avers, that he suffered from a medical condition that substantially limited one or more of his major life activities, Plaintiff has a record of such impairment, and Defendant regarded Plaintiff as having such an impairment.

34. Plaintiff was on medical leave and received short term and long term disability benefits administered through Defendant's representative.

35. Upon his return to work, Plaintiff presented Defendant with numerous medical documents, outlining his medical conditions and ability to return to work.

36. Plaintiff believes, and therefore avers, that he could perform the essential functions of his job with the Defendant, with a reasonable accommodation.

37. The Plaintiff believes, and therefore avers, that the reasonable accommodation that he would have expected from the Defendant would not have constituted any significant hardship to the Defendant.

38. The Plaintiff believes, and therefore avers, that until the last two months of his employment the Defendant refused to grant the Plaintiff a reasonable accommodation due to the Defendant's refusal to provide Plaintiff with appropriate accommodations set forth hereinabove.

39. Plaintiff believes, and therefore avers, that the Defendant has discriminated against him because of his disability, as set forth hereinabove, and also the Defendant regarded the Plaintiff as being disabled.

40. Plaintiff believes, and therefore avers, that the Defendant regarded him as being disabled.

41. As a result of the Defendant's illegal conduct, the Plaintiff has suffered irreparable injury caused by the Defendant's conduct.

**COUNT I**

## UNLAWFUL RETALIATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

42. Plaintiff incorporates herein by reference to paragraphs 1 through 41 as if the same were more fully set forth at length herein.

43. Plaintiff engaged in protected activity by asserting his right not to be discriminated against under state law, as set forth herein.

44. Plaintiff suffers from serious medical conditions, as more fully set forth hereinabove

45. Plaintiff believes, and therefore avers, that adverse employment actions were taken against Plaintiff discriminating against his disability.

46. Plaintiff believes, and therefore avers, accommodations were necessary for him since he has a disability that makes it difficult to work in a high stress environment.

47. Plaintiff believes, and therefore avers, that the Defendant's refusal to accommodate his disability through most of his employment tenure was done in retaliation for him needing accommodations because of his disability.

48. Plaintiff suffered damages as a result of the actions of the Defendant

49. By reasons of malicious, wanton, and willful conduct of the Defendant, Plaintiff demands economic and compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Adjudge and decree that Defendant violated the Pennsylvania Human Relations Act;

b. Grant Plaintiff a permanent injunction prohibiting Defendant from engaging in any employment acts, policies, practices or procedures which may retaliate against employees who have raised issues of discrimination in the workplace.

    c. Award Plaintiff compensatory damages, including for emotional distress suffered as a result of Defendant's retaliatory treatment;

    d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

    e. Grant Plaintiff such additional equitable and legal relief as is just and proper.

## COUNT II
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates herein by reference thereto paragraphs 1 through 49 as if the same were more fully set forth at length herein.

51. Plaintiff filed a disability discrimination charge with the PHRC based on his actual and perceived disabilities.

52. Plaintiff exhausted his administrative remedies with the Pennsylvania Human Relations Commission by cross-filing his administrative complaint with the PHRC.

53. The actions of the Defendant violate the proscriptions of the Pennsylvania Human Relations Act against retaliation against an employee who has raised issues of disability discrimination in the workplace.

WHEREFORE, Plaintiff respectfully requests that this Court:

    f. Adjudge and decree that Defendant violated the Pennsylvania Human Relations Act;

    g. Grant Plaintiff a permanent injunction prohibiting Defendant from engaging in any employment acts, policies, practices or procedures which may retaliate against employees who have raised issues of discrimination in the workplace.

    h. Award Plaintiff compensatory damages, including for emotional distress suffered as a result of Defendant's retaliatory treatment;

    i. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

j.  Grant Plaintiff such additional equitable and legal relief as is just and proper.

        Respectfully submitted,

        */s/ Donald P. Russo*

---

        DONALD P. RUSSO, ESQUIRE
        Attorney for Plaintiff, David P. Young
        P.O. Box 3098
        Easton, PA  18043
        (610) 954-8093
        Attorney I.D. No. 25873